IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DONTAY LEROY DOUGLASS COX,<br>    *Petitioner*,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    *Respondent*. | Crim. No. ELH-13-0056<br>Related Civil No. ELH-16-2490 |

**MEMORANDUM**

Dontay Cox, who is self-represented, filed a motion under 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence of 144 months, imposed on January 13, 2014. ECF 57, (the "Petition"). The Petition was docketed on July 5, 2016.[1] The government initially filed a motion to dismiss the Petition as untimely. ECF 60 ("Motion"). Thereafter, it filed a response in opposition to the merits. ECF 62 ("Opposition"). Petitioner has not replied, and the time to do so has expired.

Under 28 U.S.C. § 2255(b), a hearing is required "[u]nless the motion and the files and records of the case conclusively show the prisoner is entitled to no relief . . . ." This is such a case. No hearing is necessary. For the reasons that follow, I shall deny the Petition.

**I.  Procedural and Factual Background**

Cox was indicted on February 12, 2013 (ECF 1) on charges of distribution and possession with intent to distribute cocaine base or "crack," in violation of 21 U.S.C. § 841(a)(1).

---

[1] By Order of July 6, 2016 (ECF 58), I asked the Office of the Federal Public Defender ("OFPD") to advise the Court whether it would represent Mr. Cox in this case. In a letter to the Court dated July 7, 2016 (ECF 59), the OFPD notified the Court that it declined to represent Mr. Cox.

In particular, in Count One he was charged with distribution of 28 grams or more of cocaine base, on or about March 26, 2012. In Count Two, he was charged with possession with intent to distribute 28 grams or more of cocaine base, on or about April 3, 2012.

On October 15, 2013, Cox entered a plea of guilty to Count One and Count Two (ECF 49), pursuant to a written Plea Agreement. *See* ECF 46. Each count carried a mandatory minimum penalty of five years' imprisonment and a maximum term of forty years' incarceration. *Id.* ¶ 3.

Notably, Cox pleaded guilty pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. *See* ECF 46, ¶¶ 3, 9. Under Paragraph 9 of the Plea Agreement, the parties stipulated to a total sentence of 144 months' imprisonment as the appropriate disposition of the case.

In Paragraph 5 of the Plea Agreement, the parties stipulated to a total base offense level of 28, based on the quantity of narcotics. *See* U.S.S.G. § 2D1.1(c)(6).[2] The government also agreed to a two-level reduction based on the defendant's acceptance of responsibility. ECF 46, ¶ 6. But, the Plea Agreement stated that the government would not move for the additional one-point deduction under § 3E1.1(b). *Id.* And, there was no agreement as to Cox's criminal history or his criminal history category. *Id.* ¶ 7. Under paragraph 17 of the Plea Agreement, the Court was not bound by the parties' factual or guidelines stipulations.

The Probation Department prepared a Presentence Report ("PSR") for sentencing purposes. ECF 50. The PSR reflects that defendant had previously been convicted of three distinct felony narcotic offenses. Therefore, according to the PSR, Cox qualified as a career offender under U.S.S.G. § 4B1.1. ECF 50, ¶ 23. As a result, his base offense level was

---

[2] As explained in ¶ 14 of the Presentence Report (ECF 50), grouping is permissible, under U.S.S.G. § 3D1.2(d).

enhanced from a 28 to a 34. After two deductions for acceptance of responsibility, the PSR indicated that defendant had a final offense level of 32. ECF 50, ¶ 25. The Presentence Report also reflected that defendant had 17 criminal history points, which established a criminal history category of VI. *Id.* ¶ 60. Alternatively, because the defendant was a career offender, the PSR reflected a criminal history category of VI. *Id.* ¶ 61.

Under the guidelines, based on a total offense level of 32 and a criminal history category of VI, Cox had an advisory sentencing guideline range of 210 to 262 months' imprisonment. If the offense level were 26, as anticipated in the Plea Agreement, Cox's guideline range would have been 120 to 150 months' imprisonment.

Sentencing was held on January 13, 2014. ECF 52. The Court determined that Cox qualified as a career offender. *See* ECF 54 at 1; ECF 56 (Sentencing Transcript), at 5-6. Defense counsel did not dispute that finding. *Id.* at 6. Nevertheless, pursuant to the terms of the C plea, the Court imposed a concurrent sentence of 144 months as to Counts One and Two. *See* ECF 53; ECF 56. No appeal was noted from the Court's disposition of the case.

On July 5, 2016, the Clerk docketed Mr. Cox's § 2255 Petition. In the Petition, Mr. Cox asserts, ECF 57 at 4: "My sentence designation as a career offender violates the Due Process Clause of the Fifth Amendment for the reasons asserted in Johnson v. United States and the Fourth Circuit's recent decision in Hubbard v. United States." He also states, *id.* at 11: "My Motion is timely b/c it was placed in the institutional mailing system before June 26, 2016, one year prior to the decision in Johnson v. United States."

Notably, the Petition also includes a Declaration executed by Mr. Cox on June 25, 2016. There, he averred, *id.*: "I declare . . . under penalty of perjury that the foregoing is true and

correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on 6/25/16 . . . ."

On July 25, 2016, the government filed "Government's Motion to Dismiss Petitioner's Motion to Vacate Pursuant to 28 U.S.C. § 2255." ECF 60. The government argued that, under 28 U.S.C. § 2255(f)(3), June 26, 2016, was the deadline for filing a petition pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015). ECF 60, ¶¶ 2-5. The government asserted, *id.* ¶ 6: "Petitioner's motion was not filed with the District Court until July 5, 2016." Accordingly, the government urged the Court to dismiss the Petition as untimely. *Id.* ¶ 7.

In a letter to the parties on August 1, 2016 (ECF 61), I noted that the government failed to address Mr. Cox's sworn Declaration, in which he averred that he deposited the Petition in the institution's internal mail system prior to the *Johnson* deadline. *See* ECF 57 at 12. I also pointed out that a § 2255 petition, filed by a self-represented prisoner, is deemed filed on the date that it is deposited with prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266 (1988) (stating that under Fed. R. App. P. 4 a *pro se* prisoner's notice of appeal is deemed filed when it is delivered to prison authorities for mailing to the district court); *Bailey v. United States*, RDB-07-0559, 2016 WL 739036, at *1 n.1 (D. Md. Feb. 25, 2016) ("For the purposes of assessing timelines under 28 U.S.C. § 2255, this Court deems the Motion delivered to prison authorities on the signature date.");[3] *United States v. Dorsey*, 988 F. Supp. 917, 919 (D. Md. 1998) (stating that "the Fourth Circuit has consistently applied the 'mailbox rule' to its cases involving *pro se* prisoner litigation").

Moreover, in my letter of August 1, 2016, I noted that June 25, 2016, the date on which Cox claims to have placed his Petition in the prison mail system, fell on a Saturday. I also

---

[3] *Bailey* is on appeal to the United States Court of Appeals for the Fourth Circuit (No. 16-6593).

pointed out that the Petition was docketed on July 5, 2016, but the federal court was closed on Saturday, July 2; Sunday, July 3; and Monday, July 4.

In my letter, I had also indicated that the Clerk did not docket the envelope containing the Petition. That is so. However, the Court has located the original of the Petition, to which Mr. Cox's envelope is attached. It is difficult to decipher the postmark with absolute accuracy, except to say that it does appear to contain a postmark from June 2016, and most likely it was stamped on June 30, 2016. I note that June 30, 2016, was a Thursday, a few days after the date on which Mr. Cox claims to have submitted the Petition for mailing at the institution.

In any event, by Order dated August 1, 2016, I denied the government's motion to dismiss (ECF 61), without prejudice to the government's right to renew the motion as part of its response to the Petition, and to include further arguments and/or evidence as to the timeliness of the filing of the Petition. Thereafter, the government filed its response to the merits of the Petition (ECF 62). In ECF 62, the government did not renew its motion to dismiss on the ground that the Petition was untimely filed.

In view of the foregoing, I shall assume the timeliness of the filing of the Petition and turn to the merits. Even assuming that the Petition was timely filed, it is without merit.

Additional facts are included in the Discussion.

## II. Discussion

Mr. Cox argues that, for sentencing purposes, he was improperly designated as a career offender.

U.S.S.G. § 4B1.1(a) provides:

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a

controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Section 4B1.2(a) states:

(a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that --

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Cox's PSR indicates that he had three distinct, prior felony drug offenses, which occurred after he was 18 years of age.[4] Specifically, ¶¶ 33-35 pertain to an offense that occurred in December 2001, when Cox was 18 years of age. As to that matter, on July 22, 2002, in the Circuit Court for Baltimore City, Case 102063046, Cox entered a plea of guilty to the offense of CDS possession with intent to manufacture/distribute/dispense (*i.e.*, crack cocaine). He received a sentence of six years' incarceration, with four years and six months suspended.

Paragraphs 39 through 41 of the PSR pertain to an offense that occurred on January 21, 2002. In the Circuit Court for Baltimore City, Case 202079052, Cox pleaded guilty on July 22, 2002, to the offense of possession with intent to distribute cocaine. He received a concurrent sentence of six years' incarceration, with four years and six months suspended, concurrent with the sentence imposed in Case 102063046.

Paragraphs 45 through 47 of the PSR reflect that on February 17, 2005, Cox was found guilty in the Circuit Court for Baltimore County of possession with intent to distribute CDS,

---

[4] Paragraph 30 through 32 of the PSR reflects that when Cox was 18, and while represented by counsel, he was convicted of unlawful manufacture of CDS. He was sentenced to six year's incarceration, with five years and eleven months suspended. However, based on the age of that offense, it did not score any points.

Case 03-K-04-000533. The offense itself occurred on January 23, 2004. The court imposed a sentence of seven years' incarceration, with six years suspended.

Clearly, Cox had the requisite prior record of at least two prior and distinct felony drug convictions. Each conviction constituted a "controlled substance offense" under § 4B1.2(B) of the Sentencing Guidelines, and each was punishable by a term of imprisonment exceeding one year. *See* Maryland Code (2012 Repl. Vol., 2016 Supp.), Criminal Law Article (C.L.) §§ 5-602, 5-607; 5-608; *see also* C.L. §§ 5-402 and 5-403. Therefore, Cox was properly found to be a career offender.

As indicated, the minimum term of imprisonment for each count to which Cox pled guilty is five years. Each offense carried a maximum term of forty years, pursuant to 21 U.S.C. § 841(b)(1)(B)(iii). Cox's final offense level was a 32. Based on Cox's criminal history category, was a VI, whether or not Cox qualified as a career offender.

The Supreme Court's decision in *Johnson v. United States*, 135 S. Ct 2551 (2015), has no application here. Cox was not sentenced under the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e). *See Johnson*, 135 S. Ct. at 2555-57. Nor was Johnson sentenced under the residual clause of the career offender guidelines. Cox was sentenced well below the applicable career offender advisory sentencing guidelines range. And, even if Cox is not a career offender, he was sentenced within the applicable guidelines range for a non-career offender, and in accordance with the terms of the C plea.

### III. Conclusion

Cox is not entitled to relief. The Petition shall be DENIED. A Certificate of Appealability shall not issue.

An Order follows.

Date: November 2, 2016                    /s/
                                          Ellen L. Hollander
                                          United States District Judge